```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

PATRICIA HEAVERLO AND DONALD              CIVIL ACTION
HEAVERLO

VERSUS                                    NO: 07-7303

VICTORIA'S SECRET STORES, LLC             SECTION: R(2)
AND LIMITED BRANDS STORE
OPERATIONS, INC.
```

**ORDER AND REASONS**

Before the Court is plaintiffs' motion to remand. For the following reasons, the Court GRANTS plaintiffs' motion.

**I.   BACKGROUND**

Plaintiffs brought state law claims for personal injuries against defendants in state court on September 6, 2007. Plaintiff Patricia Heaverlo alleges that on September 10, 2006 she tripped and fell on an object in a Victoria's Secret retail store and sustained various physical injuries as a result of her fall. She seeks to recover an unspecified amount of damages related to these injuries. Her husband, Donald Heaverlo, seeks to recover

for loss of consortium. On October 24, 2007, defendants removed this case to federal court on diversity grounds. There is no dispute that complete diversity exists between the parties. Although plaintiffs do not specify in their complaint the amount of damages that they seek to recover, defendants argue that the amount in controversy exceeds $75,000 because Mrs. Heaverlo allegedly incurred more than $20,000 in medical expenses related to her accident only two weeks after her fall. They reason that this early sum of expenses makes it reasonably likely that plaintiffs' damages will be greater than $75,000, as is required by 28 U.S.C. § 1332(a) for diversity jurisdiction to exist. Plaintiffs assert that the amount in controversy is less than $75,000 and now move to remand.

**II.   LEGAL STANDARDS**

   **A.   Removal**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition

that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. *See* 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

**B.   Amount in Controversy**

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335. When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith." *Id.* (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). If a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id*.

Here, however, plaintiffs filed their complaint in Louisiana state court, and Louisiana law ordinarily does not permit

3

plaintiffs to plead a specific amount of money damages. When, as here, plaintiffs have alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F. 3d at 1335; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335. The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000. *See De Aguilar*, 47 F.3d at 1412. Where the "facially apparent" test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal. *Allen*, 63 F.3d at 1336.

4

**III. DISCUSSION**

Contrary to defendants' apparent argument, plaintiffs do not bear the burden of showing that removal is improper.[1] It is the defendants who must show that removal is appropriate. *See Simon*, 193 F.3d at 850. In *Associacion Nacional de Pescadores a Pequena Escala o Artesanels de Columbia (ANPAC) v. Dow Quimica de Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), the Fifth Circuit identified the following circumstances in which the removing party fails to satisfy its burden of showing that removal is appropriate:

> (1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above [$75,0000]; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiff's claims; and (3) the plaintiff timely contested removal with a sworn, unrebutted affidavit indicated that the requisite amount in controversy was not present.

988 F.2d at 566. After reviewing the complaint, the notice of removal, the parties' briefs, and evidence of Mrs. Heaverlo's medical expenses, the Court concludes that defendants have failed to satisfy their burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Because plaintiffs did not allege a specific amount of

---

[1] *See* Defs.' Mem. Opp., R. Doc. 10 at 4.

damages in their complaint, defendants must prove that the amount in controversy exceeds $75,000.[2] Mrs. Heaverlo alleges that as a result of her fall she sustained injuries to her "left wrist, right knee, neck, and back, in addition to various abrasions and contusions, various muscle strains and sprains, and other parts of her body."[3] Mr. Heaverlo claims a loss of consortium as a result of his wife's injuries.[4] Plaintiffs allege that defendants are liable for past and future "physical pain and suffering, mental and emotional pain and suffering, loss of enjoyment of life, permanent physical disability and disfigurement, loss of consortium, inconvenience, expenses, statutory and legal interest, court costs and attorney fees."[5] Plaintiffs, however, do not allege that Mrs. Heaverlo's injuries required surgery and

---

[2] In their motion to remand, plaintiffs stipulate that their damages are less than $75,000. *See* Pls.' Mem. Supp., R. Doc. 9-2 at 1, 5. When the amount in controversy is ambiguous, a court may consider a post-removal stipulation in the form of an affidavit that clarifies a plaintiff's damages. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *ANPAC*, 988 F.2d at 565 (When the affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper). Here, however, plaintiffs have not submitted an affidavit. Therefore, the Court does not consider plaintiffs' stipulation in its analysis.

[3] Pls.' Cmplt. at ¶ X, R. Doc. 1-2 at 3.

[4] *See id.* at ¶ XII, R. Doc. 1-2 at 3.

[5] *Id.* at ¶ XIII, R. Doc. 1-2 at 3.

make no claim for lost wages. Moreover, the Court finds no indication in the record that plaintiffs requested a trial by jury in state court, which requires the claim to be for at least $50,000. *See* La. Code Civ. Proc. art. 1732(1).

Defendants attempt to show that more than $75,000 is at stake by submitting letters from plaintiffs' counsel itemizing plaintiffs' expenses incurred in the two weeks after the accident at $22,511.35.[6] Defendants assert that because plaintiffs characterize Mrs. Heaverlo's injuries as "severe", contend that more medical treatment will be required, and seek damages in addition to medical expenses,[7] the actual amount in controversy exceeds $75,000. How defendants calculate that plaintiffs' damages top $75,000 is a mystery to the Court. Defendants have not submitted any evidence showing that Mrs. Heaverlo has sustained injuries that require a specific type of treatment that is readily calculable and would put her damages over the

---

[6] *See* Defs.' Mem. Opp. Ex. A, Labourdette Ltr. Feb. 2, 2007, R. Doc. 10-2 at 1. Of this amount, $16,532.00 appears to be for a visit to the emergency room and hospital stay between September 17-19, 2006 for Mrs. Heaverlo's hypertensive heart disease. It is unclear how Mrs. Heaverlo's alleged fall is related to her chronic cardiac condition, but since she managed to let her treating physician know that she had already initiated litigation only a week after her fall and plaintiffs' counsel listed these bills among Mrs. Heaverlo's medical expenses, the Court accepts them as part of plaintiffs' damages.

[7] *See* Pls.' Cmplt. at ¶¶ X, R. doc. 1-2 at 3.

jurisdictional threshold. Mrs. Heaverlo's medical reports indicate that she did not fracture any bones but only bruised her wrist, arm, and knee.[8] Mrs. Heaverlo also complains of neck and back injuries, which are frequently more severe than bruising. But her medical records do not indicate that she has any herniated discs or other acute injuries attributable to her fall. Instead, her records indicate that she may have aggravated her preexisting degenerative back conditions and carpal tunnel syndrome.[9] There is no suggestion that she will need to undergo costly surgery or other treatment as a result of her fall. Furthermore, although plaintiffs' counsel states in a letter to defense counsel that Mrs. Heaverlo suffered approximately $1,300 in lost wages immediately after her fall, plaintiffs have not alleged any future loss of earnings. Defendants have not cited any cases showing that plaintiffs with injuries similar to Mrs. Heaverlo's typically receive damage awards in excess of $75,000. Even accepting that plaintiffs may recover the expenses that their attorney itemized, cases involving injuries similar to Mrs. Heaverlo's do not indicate that the plaintiffs in this case would recover more than $75,000. *See, e.g., Lapeze v. Louisiana Dep't*

---

[8] *See* Defs.' Mem. Opp. Ex. B, Report of Dr. Ralph P. Katz Sept. 13, 2006, R. Doc. 10-2 at 3.

[9] *See id.*, R. Doc. 10-2 at 4.

*of Wildlife*, No. 2006 CA 2349, 2007 WL 4555505, at *6 (La. Ct. App. Dec. 28, 2007) (holding that $30,000 is the "highest possible reasonable amount" of damages for wrist injuries that aggravated preexisting carpal tunnel syndrome and collecting cases on damage awards); *Waters v. Brookshire Grocery Co.*, 969 So. 2d 1287, 1288-89 (La. Ct. App. 2007) (affirming award of $30,000 in general damages to 82 year-old plaintiff who was knocked down by grocery store employees during the course of a robbery and suffered spinal injuries, a laceration to her forearm, contusions to the back of her head, and bruises); *Green v. Nunley*, 963 So. 2d 486, 492, 496 (La. Ct. App. 2007) (affirming $25,000 general damages award for contusions, muscle strains, bruises resulting from car accident); *Earls v. McDowell*, 960 So. 2d 242, 249 (La. Ct. App. 2007) (awarding $4,000 to driver who suffered wrist and neck sprain from car accident); *In re Crescent Ship Service, Inc.*, 2005 WL 221562, at *11 (E.D. La. Jan. 27, 2005) (awarding $4,000 in general damages for bruised knee). Although Mrs. Heaverlo alleges permanent disability, that allegation is not sufficient for the Court to retain this case. In *Palmer v. Wal-Mart Stores, Inc.*, No. Civ. A. 95-1723, 1996 WL 20862, at *1 (E.D. La. Jan. 17, 1996), the court granted plaintiff's motion to remand even when plaintiff alleged that she sustained severe and possibly permanent injuries, because her

9

allegations were "fairly 'vanilla'" and did not reveal the extent of her injuries. Mrs. Heaverlo's allegations are similarly commonplace. Given the accident described in the petition and the lack of evidence as to plaintiffs' likely damages, the Court finds that defendants have not satisfied their burden of showing by a preponderance of the evidence that more than $75,000 was in controversy at the time of removal.

Finally, defendants argue that plaintiffs' motion to remand is untimely. Defendants' argument is unavailing. Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal . . . . If *at any time* before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." (emphasis added). A remand motion based upon a "purported lack of diversity jurisdiction" is a challenge to a court's subject matter jurisdiction, and therefore "it need not have been made within 30 days" of removal. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 457 (5th Cir. 1998). Because the sole possible basis for federal jurisdiction over this case is diversity, it is essential that the amount in controversy exceed $75,000. *See Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003) (explaining that diversity jurisdiction requires

complete diversity of the parties *and* an amount in controversy that exceeds $75,000). Therefore, whether plaintiffs filed their motion to remand within 30 days of removal is irrelevant.

After considering all the evidence, the Court finds that defendants have failed to prove that plaintiffs' total damages more likely that not exceed the jurisdictional amount. Accordingly, this Court does not have subject matter jurisdiction and must remand this case to state court.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand.

New Orleans, Louisiana, this  8th  day of February, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE